UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

| | |
|---|---|
| **QUINCY DEWAYNE ROBINSON** | **CIVIL ACTION NO. 22-5928** |
| **VS.** | **SECTION P** |
| | **JUDGE S. MAURICE HICKS, JR.** |
| **JULIAN C. WHITTINGTON, ET AL.** | **MAG. JUDGE KAYLA D. MCCLUSKY** |

**REPORT AND RECOMMENDATION**

Plaintiff Quincy Dewayne Robinson, a prisoner at Bossier Maximum Security Center ("BMSC") proceeding pro se and in forma pauperis, filed this proceeding on approximately November 7, 2022, under 42 U.S.C. § 1983. He names the following defendants in their individual and official capacities: Sheriff Julian C. Whittington, Warden Brad Anderson, Lieutenant Crawford, Kiesha Evans, Anthony Evans, Joan Powell, Mrs. Cefalu, Linton Jacobs, Nikki Emerson, Michelle Bowen, and Deputy Glover.[1]  For reasons that follow, the Court should dismiss Plaintiff's claims.

**Background**

Plaintiff claims that on October 4, 2022, Deputy Glover gave him his legal mail from federal district courts and law firms which was already opened. [doc. # 1, p. 8]. Deputy Glover informed Plaintiff that the mail was already opened when it arrived at BMSC from Bossier Medium Correctional Center ("Bossier Medium"). *Id.*

On October 5, 2022, Plaintiff tried to speak with Defendant Julian Whittington about his "legal mail being opened[,]" but Whittington never responded. *Id.* at 9. On October 6 and 7,

---

[1] This matter has been referred to the undersigned for review, report, and recommendation under 28 U.S.C. § 636 and the standing orders of the Court.

2022, Plaintiff wrote letters to Whittington, requesting an audience. *Id.* at 10. Whittington did not respond. *Id.* at 10-11, 18.

On October 7, 2022, Plaintiff met with Defendant Evans to discuss his concerns about his opened legal mail. *Id.* at 12-14.

Plaintiff claims that "someone wrote on the front of [his envelopes]," describing what each contained. *Id.* at 14. It looked like "someone read and marked [his] legal mail." *Id.* The following appeared on the front of the envelopes:

   1) Cook, Yancy, King, and Gallaway (Response by Holley, Lyles)

   2) Langley Parks (answer filed by Whittington, Jacobs, Evans)

   3) Cook, Yancy, King, and Gallaway (Time to Answer Motion to extend Holley, Lyles)

   4) Cook, Yancy, King, and Gallaway (Answer from Holley, Lyles)

   5) Grodner law firm (order to direct service on all defendants).

*Id.* at 15. The mailings were from "the two law firms representing the defendants in a current suit filed by Plaintiff . . . ." *Id.*

Defendant Evans gave Plaintiff two Administrative Remedy Procedure forms, informing Plaintiff that he would forward completed forms to Bossier Medium "to address the situation." *Id.* at 16.

On October 12, 2022, Defendant Crawford told Plaintiff that he "would see [Plaintiff] in court" and that Plaintiff was "the least of [his] problems . . . ." *Id.* at 19. On October 17, 2022, Plaintiff asked Defendant Anderson about his mail, and Anderson responded that he would "see" Plaintiff in court. *Id.* at 20.

Plaintiff claims that, while he was at BMSC, facility policy required mail addressed to him and sent to Bossier Medium to be returned to the sender instead of opened and then

2

forwarded to him at BMSC. *Id.* at 21. Plaintiff suggests that Defendant Anderson violated this policy. *Id.*

Plaintiff asks the Court to order Defendants to stop opening his legal mail in his absence, terminate Defendants' employment, declare that Defendants violated his constitutional rights, imprison Defendants, and award compensatory damages. [doc. # 1, pp. 4, 23-24].

## Law and Analysis

### 1. Preliminary Screening

Plaintiff is a prisoner who has been permitted to proceed in forma pauperis. As a prisoner seeking redress from an officer or employee of a governmental entity, his complaint is subject to preliminary screening pursuant to 28 U.S.C. § 1915A.[2] *See Martin v. Scott,* 156 F.3d 578, 579-80 (5th Cir. 1998) (*per curiam*). Because he is proceeding in forma pauperis, his Complaint is also subject to screening under § 1915(e)(2). Both § 1915(e)(2)(B) and § 1915A(b) provide for *sua sponte* dismissal of the complaint, or any portion thereof, if the Court finds it is frivolous or malicious, if it fails to state a claim on which relief may be granted, or if it seeks monetary relief against a defendant who is immune from such relief.

A complaint is frivolous when it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams,* 490 U.S. 319, 325 (1989). A claim lacks an arguable basis in law when it is "based on an indisputably meritless legal theory." *Id.* at 327. Courts are also afforded the unusual power to pierce the veil of the factual allegations and dismiss those claims whose factual contentions are clearly baseless. *Id.*

---

[2] Under 28 U.S.C. § 1915(h), "'prisoner' means any person incarcerated or detained in any facility who is accused of, convicted of, sentenced for, or adjudicated delinquent for, violations of criminal law or the terms and conditions of parole, probation, pretrial release, or diversionary program."

A complaint fails to state a claim on which relief may be granted when it fails to plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007); accord *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A claim is facially plausible when it contains sufficient factual content for the court "to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 570). Plausibility does not equate to possibility or probability; it lies somewhere in between. *Id.* Plausibility simply calls for enough factual allegations to raise a reasonable expectation that discovery will reveal evidence to support the elements of the claim. *Twombly*, 550 U.S. at 556.

Assessing whether a complaint states a plausible claim for relief is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal, supra.* A well-pled complaint may proceed even if it strikes the court that actual proof of the asserted facts is improbable and that recovery is unlikely. *Twombly, supra*.

In making this determination, the court must assume that all the plaintiff's factual allegations are true. *Bradley v. Puckett*, 157 F.3d 1022, 1025 (5th Cir. 1998). However, the same presumption does not extend to legal conclusions. *Iqbal, supra.* A pleading comprised of "labels and conclusions" or "a formulaic recitation of the elements of a cause of action" does not satisfy Rule 8. *Id.* "[P]laintiffs must allege facts that support the elements of the cause of action in order to make out a valid claim." *City of Clinton, Ark. v. Pilgrim's Pride Corp*, 632 F.3d 148, 152-53 (5th Cir. 2010). Courts are "not free to speculate that the plaintiff 'might' be able to state a claim if given yet another opportunity to add more facts to the complaint." *Macias v. Raul A. (Unknown) Badge No. 153*, 23 F.3d 94, 97 (5th Cir. 1994).

A hearing need not be conducted for every pro se complaint. *Wilson v. Barrientos*, 926

F.2d 480, 483 n.4 (5th Cir. 1991). A district court may dismiss a prisoner's civil rights complaint as frivolous based upon the complaint and exhibits alone. *Green v. McKaskle*, 788 F.2d 1116, 1120 (5th Cir. 1986).

"To state a section 1983 claim, a plaintiff must (1) allege a violation of a right secured by the Constitution or laws of the United States and (2) demonstrate that the alleged deprivation was committed by a person acting under color of state law." *Whitley v. Hanna*, 726 F.3d 631, 638 (5th Cir. 2013) (internal quotation marks omitted). Consistent with the standard above, a "[S]ection 1983 complaint must state specific facts, not simply legal and constitutional conclusions." *Fee v. Herndon*, 900 F.2d 804, 807 (5th Cir. 1990).

**2. Opening and Reading Mail**

The main thrust of Plaintiff's complaint is that someone opened and read his legal mail in his absence. He suggests that someone must have read his mail because someone described the contents of the envelopes in writing on the outside of the envelopes.

Plaintiff, however, fails to state a plausible claim. Because "a jail has a legitimate security interest in opening and inspecting incoming mail for contraband . . . [an] allegation that [a plaintiff's] incoming legal mail was opened and read but not censored does not rise to the level of a constitutional violation." *Walker v. Navarro Cty. Jail*, 4 F.3d 410, 413 (5th Cir. 1993); *see Jones v. Mail Room Staff*, 74 F. App'x 418, 419 (5th Cir. 2003) ("[P]rison officials may open incoming legal mail to inspect it for contraband."). Similarly, "prisoners do not have a constitutional right to be present when privileged, legal mail is opened and inspected." *Collins v. Foster*, 603 F. App'x 273, 275 (5th Cir. 2015) (*citing Brewer*, 3 F.3d at 825). Accordingly, the Court should dismiss this claim.

**3. Access to Court**

To the extent Plaintiff claims that a defendant violated his right to access the courts by reading his legal documents, he fails to state a plausible claim.

To succeed, a plaintiff must show that he lost an actionable claim or was prevented from presenting such a claim because of the defendant's actions. *Lewis v. Casey*, 518 U.S. 343, 356 (1996); *Eason v. Thaler*, 73 F.3d 1322, 1328 (5th Cir. 1996) (holding that to state a sufficient claim of denial of access to the courts, a plaintiff must demonstrate that his position as a litigant was prejudiced as a direct result of the denial of access). The "injury requirement is not satisfied by just any type of frustrated legal claim." *Lewis*, 518 U.S. at 353. A plaintiff must demonstrate that the lack of access prevented him from filing or caused him to lose a pending case that attacks either his conviction or seeks "to vindicate 'basic constitutional rights'" in a civil rights action under 42 U.S.C. § 1983. *Id.* at 353-54 (*quoting Wolff v. McDonnell*, 418 U.S. 539, 579 (1974)); *see Lewis*, 518 U.S. at 355 (holding that impairment of any litigating capacity other than attacking sentences and challenging conditions of confinement "is simply one of the incidental (and perfectly constitutional) consequences of conviction and incarceration.").

Here, Plaintiff does not allege that he lost an actionable claim or that any defendant prevented him from presenting a claim to any court.[3] The Court should deny this ostensible claim.

---

[3] *See Brewer v. Wilkinson*, 3 F.3d 816, 821 (5th Cir. 1993) (recognizing that the Supreme Court has not extended the right of access to courts "to encompass more than the ability of an inmate to prepare and transmit a necessary legal document to a court.").

**4. Freedom of Speech**

To reiterate, Plaintiff alleges that someone wrote on the outside of his mailings, describing their contents. It is unclear whether Plaintiff is merely providing evidence that someone must have read his mail because they described the contents or if he is raising a discrete claim.

If Plaintiff is raising a discrete claim, he does not identify a responsible person. And even if he did, he does not state a plausible claim.

Plaintiff's ostensible claim tentatively implicates his right to free speech. *See Walker v. Navarro Cty. Jail*, 4 F.3d 410, 413 (5th Cir. 1993). However, he fails to allege that he suffered any cognizable harm for which the Court can grant relief. He does not allege, for instance, that he did not receive his mail, that his mail was destroyed, or that the contents were altered. *See Sandoval v. Fox*, 135 F. App'x 691, 691 (5th Cir. 2005) (affirming dismissal of a plaintiff's claim that guards improperly distributed prison mail because the plaintiff was not deprived of his mail and did not otherwise suffer any actual harm); *Patin v. LeBlanc,* 2012 WL 3109402, at *20 (E.D. La. 2012) ("[Plaintiff] has failed to point to any identifiable constitutional violation or protected right pertaining to the exterior of the envelope of mail received by a prisoner."); *Cephas v. Green*, 2013 WL 257383, at *2 (E.D. Pa. Jan. 23, 2013) ("[T]he mere fact that the defendants are marking the *exterior* of the envelope does not establish a violation of plaintiff's constitutional rights.").

**5. Threats**

Plaintiff suggests that Defendant Anderson threatened him when Anderson stated that he could not wait until Plaintiff returned to Bossier Medium. [doc. # 1, p. 17]. Plaintiff also

suggestively claims that Defendants Crawford and Anderson threatened him when they told him that they would see him in court. *Id.* at 19-20.

Verbal threats, without more, do not support a claimed constitutional violation. *Siglar v. Hightower*, 112 F.3d 191, 193 (5th Cir. 1997); *McFadden v. Lucas*, 713 F.2d 143, 146 (5th Cir. 1983). Allegations of mere verbal abuse by prison guards simply do not give rise to a cause of action under Section 1983. *Bender v. Brumley*, 1 F.3d 271, 274 n.4 (5th Cir. 1993); *Siglar*, 112 F.3d at 191. "[M]ere allegations of verbal abuse or epithets, reprehensible though they may be, do not amount to a cognizable constitutional violation under Section 1983." *Matthews v. LeBlanc*, 2022 WL 2951759, at *1 (5th Cir. July 26, 2022).

Plaintiff does not state a claim of constitutional dimension. The Court should dismiss these claims.

**6. Violating Policy**

Plaintiff claims that while he was at BMSC, facility policy required mail addressed to him and sent to Bossier Medium to be returned to the sender instead of opened and then forwarded to him at BMSC. [doc. # 1, p. 21]. Plaintiff suggests that Defendant Anderson violated this policy. *Id.*

"[T]he failure of prison administrators to follow prison rules and regulations does not, without more, give rise to a constitutional violation." *Moreno v. Bunton*, 193 F.3d 518 (5th Cir. 1999); *see Lewis v. Sec'y of Pub. Safety & Corr.*, 870 F.3d 365, 369 (5th Cir. 2017) ("The [LDPSC] and [Corrections Corporation of America] internal rules and regulations do not alone create federally-protected rights and a prison official's failure to follow prison policies or regulations does not establish a violation of a constitutional right.") (internal footnotes removed).

Here, to the extent Plaintiff seeks relief solely for alleged violations of a facility policy,

8

he does not state a plausible claim. The Court should dismiss this claim.

**7. Responding to Grievances**

Plaintiff suggestively claims that Sheriff Whittington failed to respond to his grievances. [doc. # 1, pp. 9-11, 18].

A prisoner, however, does "not have a constitutional right to have his grievances resolved in his favor or to have his claims reviewed pursuant to a grievance process that is responsive to his perceived injustices . . . ." *Burgess v. Reddix*, 609 F. App'x 211 (5th Cir. 2015); *see Alexander v. Texas Dep't of Criminal Justice*, 2020 WL 826452, at *2 (5th Cir. Feb. 20, 2020) (affirming dismissal of a claim that grievances were mishandled or improperly denied because "prisoners have no due process rights in the inmate grievance process.").

In *Sandin v. Conner*, 515 U.S. 472, 475 (1995), the Supreme Court left prisoners without a federally-protected right to have grievances investigated and resolved. *See Taylor v. Cockrell*, 92 Fed. App'x. 77, 78 (5th Cir. 2004) (holding that "claims that the defendants violated his constitutional rights by failing to investigate his grievances fall short of establishing a federal constitutional claim."); *Geiger v. Jowers*, 404 F.3d 371, 373-74 (5th Cir. 2005) ("[The plaintiff] does not have a federally protected liberty interest in having . . . grievances resolved to his satisfaction. . . . [A]ny alleged due process violation arising from the alleged failure to investigate his grievances is indisputably meritless."). Here, accordingly, the Court should dismiss Plaintiff's claim.

## Recommendation

For the reasons above, **IT IS RECOMMENDED** that Plaintiff Quincy Dewayne Robinson's claims be **DISMISSED** as frivolous and for failing to state claims on which relief may be granted.

**IT IS FURTHER RECOMMENDED** that Plaintiff's motion for appointed counsel, [doc. # 3], be **DENIED AS MOOT**.

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Rule 72(b), parties aggrieved by this recommendation have **fourteen (14) days** from service of this Report and Recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within **fourteen (14) days** after being served with a copy of any objections or response to the district judge at the time of filing.

**Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by Fed. R. Civ. P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. See Douglass v. United Services Automobile Association**, 79 F.3d 1415 (5th Cir. 1996).

In Chambers, Monroe, Louisiana, this 21st day of December, 2022.

_____
Kayla Dye McClusky
United States Magistrate Judge